**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

JOHN B. YANCEY JR.                                                    PLAINTIFF
ADC # 095844

v.                                    4:24CV00514-BSM-JTK

DEXTER PAYNE, et al.                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller.   Any party may file written objections to all or part of this Recommendation.   If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.   By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

## I.    INTRODUCTION

John B. Yancey, Jr. ("Plaintiff") is incarcerated at the Tucker Unit of the Arkansas Department of Correction ("ADC").   He filed this action pro se pursuant to 42 U.S.C. § 1983. (Doc. No. 2).   Plaintiff sued ADC Director Dexter Payne, Warden D. Earl, Assistant Warden James Dycus, Captain Lewis, and Lieutenant Nicholas Parker in their personal and official capacities.   (Id. at 1-3).

Plaintiff alleges Defendant Parker imposed disciplinary action against him without investigating the allegation of threats on Plaintiff's life while Plaintiff was housed in 5 barracks on June 1, 2021.   (Id. at 4).   Plaintiff maintains that on appeal, Defendant Earl also failed to

investigate the truth.  (Id. at 6).  Plaintiff suffered "repeated[] loss of class, goodtime, visitation, phone, and commissary from disciplinary actions undeserved and unjustified."  (Id.).  Defendant Payne imposed the disciplinaries Plaintiff received.  (Id.).  Plaintiff spent more than 60 days in isolation subjected to "extreme heat, lack of nutrition, yard call, laundry services, haircut, shave, [his] mail, personal property, lower back pain, emotional and mental stress, depression and elevated anxiety along with screaming, yelling, and beating on walls and windows by inmates in other cell . . . as well as denial of access to the legal facility."  (Doc. No. 2 at 7).

Plaintiff further alleges that Defendant Lewis lied in connection with an investigation that began as a response to a grievance and stolen property report.  (Id. at 4).

And according to Plaintiff, Defendant Dycus acknowledged a threat was made "yet continued to delegate his authority maliciously with intent of forcing me with threats, harassment, continued disciplinary action to force compliance to a volatile and dangerous environment he was fully aware of yet insisted on making me return to it."  (Id. at 5-6).

Plaintiff seeks damages and "re-computation of projected time lost and goodtime restored" and "the removal of all disciplinaries pertinent."  (Id. at 8).

After carefully reviewing Plaintiff's Complaint, the Court finds Plaintiff failed to state a claim upon which relief can be granted and recommends Plaintiff's Complaint be dismissed without prejudice.

## II.    SCREENING

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or

2

malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.    28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).    Whether a plaintiff is represented by counsel or is appearing <u>pro se</u>, his complaint must allege specific facts sufficient to state a claim.    See <u>Martin v. Sargent</u>, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."    <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).    In reviewing a <u>pro se</u> complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.    <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).    The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.    <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992).

### III.  ANALYSIS

As explained in further detail below, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### A.  Statute of Limitations

Plaintiff makes allegations going back to June 1, 2021.    As an initial matter, the limitations period for a § 1983 action is governed by the statute of limitations for personal-injury actions in the state in which the claim accrues.    See <u>Wilson v. Garcia</u>, 471 U.S. 261, 276 (1985); <u>Sanchez v. United States</u>, 49 F.3d 1329, 1330 (8th Cir. 1995).    The Eighth Circuit has acknowledged that, in Arkansas, the general personal-injury statute of limitations is three years.    See <u>Ketchum v. City of W. Memphis</u>, 974 F.2d 81, 82 (8th Cir. 1992); <u>Morton v. City of Little Rock,</u> 934 F.2d 180,

182–83 (8th Cir. 1991).   Therefore, § 1983 claims accruing in Arkansas have a three-year statute of limitations.

Plaintiff's Complaint was postmarked June 12, 2024.   Any claims arising before June 12, 2021 are barred by the applicable statute of limitations.   Plaintiff's only allegations against Defendant Parker arose on June 1, 2021.   As such, Plaintiff failed to state a claim against Defendant Parker.

### B.   Heck v. Humphrey

Plaintiff lost good time as a result of the disciplinary or disciplinaries against him and wants his good time restored, among other relief requested.   (Doc. No. 2 at 8).   Plaintiff's claims are barred by the Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477 (1994), as to any allegations involving disciplinaries that resulted in the loss of good time.

As the United States Supreme Court has instructed:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.   But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Heck, 512 U.S. at 487.   This approach prevents "a collateral attack on the conviction through the vehicle of a civil suit."   Id. at 485 (internal citations omitted).   In other words, to succeed on his claims, Plaintiff must establish the unlawfulness of the length of his sentence considering the lost good time, which is the type of claim barred by Heck.   See Portley-El v. Brill, 288 F.3d 1063, 1067 (8th Cir. 2002).   Plaintiff cannot challenge his sentence / loss of his good time credit in this civil rights action; his only federal recourse is habeas corpus.   See Heck v. Humphrey, 512 U.S.

477 (1994); <u>Edwards v. Balisok</u>, 520 U.S. 641, 645 (1997); <u>Sheldon v. Hundley</u>, 83 F.3d 231, 233 (8th Cir. 1996).

### C.    False Disciplinaries

To the extent the Plaintiff claims any disciplinaries against him were false, that allegation, without more, fails to state a claim on which relief may be granted.   <u>Sprouse v. Babcock</u>, 870 F.2d 450, 452 (8th Cir. 1989).

### D.    Failure to Protect

According to Plaintiff, Defendant Dycus acknowledged a threat was made "yet continued to delegate his authority maliciously with intent of forcing me with threats, harassment, continued disciplinary action to force compliance to a volatile and dangerous environment he was fully aware of yet insisted on making me return to it."   (Doc. No. 2 at 5-6).

Plaintiff's allegations are conclusory.   He does not explain how Defendant Dycus "delegated his authority."   Plaintiff also does not describe the "volatile and dangerous environment" and does not say he was actually placed in that environment.   Plaintiff's allegations fail to state a failure to protect claim.   The Court notes that Plaintiff's allegations more closely resemble allegations of a false or unjustified disciplinary than failure to protect.

### E.    Failure to Investigate

Plaintiff maintains that on appeal, Defendant Earl also failed to investigate the truth of the allegations in a disciplinary against Plaintiff.   (Doc. No. 2 at 6).   The Court is not aware of law that establishes a constitutional right to an internal investigation.   See <u>Farmer v. Sorg</u>, No. 6:20-CV-06023, 2021 WL 2021987, at *4 (W.D. Ark. Apr. 21, 2021), <u>report and recommendation adopted,</u> No. 6:20-CV-06023, 2021 WL 2020593 (W.D. Ark. May 20, 2021).

### F.    Conditions in Isolation

Plaintiff brought suit under 42 U.S.C. § 1983. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)). Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. See Iqbal, 556 U.S. at 678.

Plaintiff says he spent more than 60 days in isolation subjected to "extreme heat, lack of nutrition, yard call, laundry services, haircut, shave, [his] mail, personal property, lower back pain, emotional and mental stress, depression and elevated anxiety along with screaming, yelling, and beating on walls and windows by inmates in other cell . . . as well as denial of access to the legal facility." (Doc. No. 2 at 7).

The Constitution "does not mandate comfortable prisons"; it prohibits "inhumane ones." Williams v. Delo, 49 F.3d 442, 445 (8th Cir. 1995) (internal citation omitted). To succeed on an Eighth Amendment claim challenging conditions of confinement, an inmate must show the alleged violation is "'objectively [and] sufficiently serious,'" that is, the inmate "'is incarcerated under conditions posing a substantial risk of serious harm.'" Kulkay v. Roy, 847 F.3d 637, 642-43 (8th Cir. 2017). Plaintiff did not allege that any Defendant knew of the allegedly unlawful conditions of his confinement but ignored those conditions. As such, Plaintiff's conditions confinement claims fail. Additionally, Plaintiff did not establish how the heat; lack of nutrition, laundry services, haircut, and shave; and noise from other inmates harmed him.

To state a Fourteenth Amendment due process claim, a plaintiff must "demonstrate that he was deprived of life, liberty or property by government action."  Phillips v. Norris, 320 F.3d 844, 846 (8th Cir. 2003).  Plaintiff did not allege that any Defendant was involved in any purported due process allegation.  To the extent Plaintiff complained about the loss of personal property, that claim fails because the State of Arkansas offers relief through an action for conversion.  Hudson v. Palmer, 468 U.S. 517, 533 (1984); Butler v. Smith, 208 F.3d 217 (8th Cir. 2000) (unpublished); Hartness v. Nuckles, 2015 Ark. 444, 9 (2015) (internal citations omitted).

To state a claim of deliberate indifference to a medical need, a plaintiff must allege he had an objectively serious medical need and prison officials had actual knowledge of, but deliberately disregarded, that need.  See Washington v. Denney, 900 F.3d 549, 559 (8th Cir. 2018); McRaven v. Sanders, 577 F.3d 974, 981 (8th 2009).  Plaintiff has not made such allegations in connection with his lower back pain, emotional and mental stress, or depression and elevated anxiety.

Plaintiff says while in isolation he was denied access to the legal facility.  Plaintiff has "a constitutional right of access to the courts," which includes the ability to seek a new trial, release from confinement, or the vindication of constitutional rights.  Bounds v. Smith, 430 U.S. 817, 824, 827 (1977) (overruled on other grounds).  But to state a First Amendment claim, a plaintiff must allege actual injury – in an access to the courts claim the injury would be "the hindrance of a nonfrivolous and arguable meritorious underlying legal claim"  Hartsfield v. Nichols, 511 F.3d 826, 831 (8th Cir. 2008).  Plaintiff's First Amendment claim fails because he has not alleged actual injury.

**IV.    CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.      The Court recommend[1] that this dismissal count as a "strike" for the purposes of 28 U.S.C. § 1915(g).[2]

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

Dated this 18th day of June, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal.   Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

[2] Title 28 U.S.C. § 1915(g) provides as follows:   "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."